**FS PHOTO, INC., a Delaware corporation, Larry G. Settle and David G. Settle, Plaintiffs,**

v.

**PICTUREVISION, INC., a Delaware corporation, Philip G. Garfinkle, Yaacov Ben–Yaacov, Ed Glassmeyer and Robert Kagle, Defendants.**

No. Civ.A. 98–378 MMS.

April 23, 1999.

Andre G. Bouchard, Joel Friedlander, of Bouchard Friedlander & MaloneyHuss, Wilmington, Delaware, for plaintiff.

Lawrence C. Ashby, of Ashby & Geddes, of counsel, Barry H. Berke, Timothy J. Helwick, of Kramer, Levin, Naftalis & Frankel, New York City, for defendants.

### *OPINION*

SCHWARTZ, Senior District Judge.

### INTRODUCTION

Plaintiffs FS Photo, Inc., ("FS Photo"), its Chairman Larry G. Settle ("L.Settle") and President David G. Settle ("D.Settle") brought suit against PictureVision, Inc. ("PictureVision"), and its directors claiming that the defendants violated section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") when they committed fraud in connection with the purchase and sale of securities. The complaint also asserted state law claims of common law fraud and breach of contract against PictureVision and defendant director Philip G. Garfinkle ("Garfinkle"), and breach of fiduciary duty against all other defendant directors.

All defendants moved to dismiss or in the alternative to transfer to the Eastern District of Virginia. Among the grounds urged in support of dismissal was lack of venue over the individual director defendants.[1] The Court has jurisdiction under 28 U.S.C. § 1331 and 15 U.S.C. § 78(aa) (hereinafter referred to as Section 27), the Securities Act of 1933 jurisdiction and venue provision.[2] The Court concludes it has subject matter and personal jurisdiction over PictureVision, Inc., and the individual director defendants, but lacks venue as to the individual director defendants. As a consequence, this will be transferred to the Eastern District of Virginia which, like the Delaware District, will have both subject and personal jurisdiction and will also be an appropriate venue for all defendants.

## FACTS

Given that the Court will not reach the merits of the motion to dismiss, the only pertinent facts are those relating to jurisdiction and venue. The corporate defendant PictureVision is a Delaware corporation with its principal place of business located in Herndon, Virginia. Board of Director meetings are regularly held in Herndon and have never been held in Delaware.

Defendant director Garfinkle is a resident of Virginia and President and CEO of PictureVision. Garfinkle, like the other individual director defendants, does not maintain a residence in Delaware or transact any business in Delaware. Defendant director Yaacov Ben–Yaacov ("Ben–Yaa-

cov") is a dual citizen[3] of the United States and the State of Israel who resides in Jerusalem, Israel, and maintains a temporary residence in Herndon, Virginia. He is PictureVision's Executive Vice President and Chief Technology Officer. Ben–Yaacov is responsible for supervising technology, research and development at PictureVision's foreign subsidiary, PictureVision, Ltd., which is located in Jerusalem.

The remaining two defendant directors of PictureVision, Ed Glassmeyer ("Glassmeyer") and Robert Kagle ("Kagle"), reside respectively in Connecticut and California.

## DISCUSSION

### A. Personal Jurisdiction and Venue

■■■ Before a district court may hear a case, it must have both personal jurisdiction and venue. *Washington Public Utilities Group v. United States District Court for the Western District of Washington,* 843 F.2d 319, 328 (9th Cir.1987). "[J]urisdiction is the power to adjudicate, while venue, which relates to the place where judicial authority may be exercised is intended for the convenience of the litigants." *Neirbo Co. v. Bethlehem Shipbuilding Corp.,* 308 U.S. 165, 60 S.Ct. 153, 84 L.Ed. 167 (1939); *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1313 (9th Cir.1985).

### 1. Personal Jurisdiction

The Court will first examine whether it has personal jurisdiction over all of the

---

1. Other grounds urged in support of dismissal were failure to state a claim predicated upon defendants' belief that the alleged misrepresentations and omissions of material facts were not made in connection with the sale or purchase of securities, and the effect of a release and merger clause. Given the Court's holding on the procedural issues, it would be inappropriate to express any opinion on the merits. *See Turner/Ozanne v. Hyman/Power,* 111 F.3d 1312 (7th Cir.1997); *Cromwell v. Equicor–Equitable HCA Corp.,* 944 F.2d 1272 (6th Cir.1991); *Condor Corp. v. City of St. Paul,* 912 F.2d 215 (8th Cir.1990).

2. The decision of whether to exercise pendent subject matter jurisdiction over the state law claims is left to the sound discretion of the district judge in the Eastern District of Virginia.

3. The "dual citizen" phraseology is lifted verbatim from a declaration of Ben–Yaacov. By employing this description, the Court does not place its judicial imprimatur upon the viability of the concept of dual citizenship where citizenship of the United States is involved.

defendants and thereafter address venue. As previously noted, defendant PictureVision is a Delaware corporation with its principal place of business in Herndon, Virginia. Defendant Garfinkle is a resident of Virginia; defendant Ben–Yaacov is a citizen of the United States and Israel, but maintains a temporary residence in Herndon, Virginia; defendant Glassmeyer is a resident of Connecticut; and defendant Kagle is a resident of California.

Section 27 of the Exchange Act grants jurisdiction to federal courts and provides for venue and service of process for claims arising under federal securities laws. *Touche Ross & Co. v. Redington,* 442 U.S. 560, 577, 99 S.Ct. 2479, 61 L.Ed.2d 82 (1979). That section provides that any suit or action to enforce any liability or duty created under the Exchange Act may be brought in the district where any act or transaction constituting the violation occurred, and process may be served in any district where the defendant is an inhabitant or where the defendant may be found. 15 U.S.C. § 78aa.

■ Section 27 provides for national service of process. *See Mariash v. Morrill,* 496 F.2d 1138 (2d Cir.1974); *Fitzsimmons v. Barton,* 589 F.2d 330 (7th Cir. 1979); *United States Securities and Exchange Commission v. Carrillo,* 115 F.3d 1540 (11th Cir.1997). Thus, "so long as the defendant has minimum contacts with the United States, Section 27 of the Exchange Act confers personal jurisdiction over the defendant in any federal court." *Securities Investor Protection Corp. v. Vigman,* 764 F.2d 1309, 1313 (9th Cir.1985); *SEC v. Unifund SAL,* 910 F.2d 1028, 1033 (2d Cir.1990); *United Liberty Life Ins. Co. v. Ryan,* 985 F.2d 1320, 1330 (6th Cir.1993) (action under Securities Exchange Act, 15 U.S.C. § 78aa, requires national contacts approach); *Tse v. Ventana Medical Systems, Inc.,* C.A. No. 97–37–SLR, 1997 WL 811566, 1997 U.S. Dist. LEXIS 21017 (D.Del. Nov. 25, 1997). The due process requirement of *International Shoe v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), that a defendant have "minimum contacts" with a particular district or state for purposes of personal jurisdiction is not a limitation imposed on the federal courts under Section 27 in a federal question case. *Vigman,* 764 F.2d at 1315 (quoting *Johnson Creative Arts & Wool v. Masters, Inc.,* 743 F.2d 947, 950 (1st Cir.1984)). Due process concerns under the Fifth Amendment are satisfied if a federal statute provides for nationwide service of process in federal court for federal question cases. *See Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 295 (3d Cir.1985); *ESAB Group, Inc. v. Centricut, Inc.,* 126 F.3d 617, 625 (4th Cir.1997) (quoting *Hogue v. Milodon Eng'g, Inc.,* 736 F.2d 989, 991 (4th Cir.1984)); *Stauffacher v. Bennett,* 969 F.2d 455, 460–61 (7th Cir.1992) (if under 15 U.S.C. § 78aa defendants have contact with the United States as a whole, due process requirements are satisfied).

■ All of the defendants have minimum contacts with the United States and are thus amenable to personal jurisdiction in Delaware with respect to the 10b–5 claim. The issue that remains is whether this Court may assert pendent personal jurisdiction over all of the defendants for the claims arising under state law. Almost all of the courts that have considered the issue since 1970 have upheld pendent personal jurisdiction in cases arising under the Securities Act of 1933 and the Exchange Act. 1A Moore's Federal Practice ¶ 108.123[2][d] at 108–1411; *Clute v. Davenport Co.,* 584 F.Supp. 1562, 1571 (D.Conn.1984) (upholding pendent personal jurisdiction for Connecticut securities law claims in Securities Act suit); *Newman v. Comprehensive Care Corp.,* 794 F.Supp. 1513, 1520 (D.Or.1992) (if court has personal jurisdiction over federal securities fraud claim, it possesses personal jurisdiction over defendants with regard to state law claims). It follows the Court may exercise personal jurisdiction over all of the defendants both with respect to the 10b–5 claim and the state law claims.

## 2. Venue

A holding that this Court has personal jurisdiction over all the defendants does not end the analysis. The Court may not exercise that jurisdiction unless venue is proper as to all defendants. Two venue statutes control this inquiry. The first is the specific venue statute, section 27, which provides venue for claims brought pursuant to Section 10(b). Section 27 provides in part:

> Any suit or action to enforce any liability or duty created by this title or rules or regulations thereunder, or to enjoin any violation of such title or rules or regulations, may be brought in any such district or in the district wherein the defendant is *found* or is an *inhabitant* or *transacts* business,
>
> . . . .

(emphasis added). 15 U.S.C. § 78aa (1997).

■ Section 27 is not helpful to establish venue over the defendants. With the exception of defendant PictureVision none of the other defendants, namely, the individual defendant directors, are found in Delaware. Also, none of the individual defendant directors inhabit or otherwise transact business in the state of Delaware. Recognizing their difficulty plaintiffs urge, in the alternate, a co-conspirator venue theory. This Court has recognized that "[o]nce venue has been established under §§ 78aa vis-a-vis one defendant, venue is proper with respect to the defendant co-conspirators." *Southmark Prime Plus, L.P. v. Falzone*, 768 F.Supp. 487, 489 (D.Del.1991). However, the co-conspirator venue theory only applies where venue has been established over one conspirator by reason of an act or transaction performed in the district by that conspirator in furtherance of the conspiracy. *Id.* Here the plaintiffs have not established that any of the defendants performed an act or transaction in furtherance of the conspiracy alleged in Delaware. It follows the co-conspirator venue theory is not applicable and section 27 cannot provide the basis for venue in this district.

■ The second venue statute is the general venue statute, 28 U.S.C. § 1391. Subsection (b) of the statute deals with venue in federal question cases, subsection (c) addresses venue with respect to corporations, and subsection (d) establishes venue with regard to aliens. These sections state in relevant part:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is subject of the action is situated, or (3) *a judicial district in which the defendant may be found if there is no district in which the action may otherwise be brought.*
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. . . .
>
> (d) An alien may be sued in any district.[4]

(emphasis added). 28 U.S.C. § 1391.

Venue is proper as to defendant PictureVision under section 1391(c). Under sec-

---

4. Defendant director Ben–Yaacov states in an affidavit that he is a "dual citizen" of Israel and United States. The parties during oral argument agreed that Ben–Yaacov is an alien for purposes of section 1391(d). For the reasons that follow, the Court is not certain that he is. First, for purposes of venue statutes, residence of an individual is equivalent to legal domicile. *Manley v. Engram*, 755 F.2d 1463, 1466 (11th Cir.1985). In his affidavit, Ben–Yaacov asserts that he resides in Jerusalem, Israel, while maintaining a temporary residence in Virginia. It would appear from the affidavit that Ben–Yaacov is not a domicil-

tion 1391(c), a corporation is subject to venue in any judicial district in which it is subject to personal jurisdiction at the time the suit is commenced. As previously established, PictureVision is subject to personal jurisdiction in Delaware.

■ Whether the Delaware District is a proper venue for the remaining defendants Garfinkle, Ben–Yaacov, Glassmeyer, and Kagle is a far different story. Venue cannot be established as to these defendants under section 1391(b)(1) as all the defendants do not reside in the same state. Notwithstanding plaintiffs' arguments to the contrary, venue cannot be established in Delaware under section 1391(b)(2). Virginia, not Delaware, is the state where a substantial part of the events giving rise to the claims occurred. The gravamen of the 10b–5 claim is grounded upon misrepresentations and material omissions, arising from a Settlement Agreement, made by defendant director Garfinkle which occurred in Virginia.

Plaintiffs, however, assert that a substantial part of the events giving rise to their claims occurred in Delaware. In support of their contention, the plaintiffs argue that PictureVision's filing in Delaware of a second amendment to its certificate of incorporation, which created a Series B Preferred Stock, and the later filing of a third amendment to its certificate of incorporation, were "bookends of a fraudulent scheme." They argue these filings are sufficient to establish that a significant part of the events giving rise to a claim of securities fraud occurred in Delaware. While it is true that the filings occurred in Delaware, the Court is not persuaded that they were either a part of a fraudulent scheme or amounted to a "substantial part of the events giving rise to the claims" occurring in Delaware.

First, the filing of the second amendment to the certificate of incorporation predated the Settlement Agreement and the negotiations leading up to it by almost a year and a half. Second, this amendment created the Series B Preferred Shares which were given to the plaintiffs, and held in escrow for their benefit, pending satisfactory transfer of FS Photo's assets. The plaintiffs do not allege fraud with respect with transactions leading up to their receiving Series B Preferred Shares from PictureVision. Rather, their allegations of fraud go to conversion of their PictureVision Series B Preferred Shares into common stock. The third amendment to the certificate of incorporation was done so as to reflect the changes in PictureVision capital structure necessitated by a transaction with Kodak. The filing of the amendment to the charter did not defraud the plaintiffs. In fact it provided them with notice of a new capital structure.[5] It follows section 1391(b)(2) cannot support venue as to the named directors.

■ Having determined that § 1391(b)(1) & (2) will not support venue as to defendants Garfinkle, Ben–Yaacov,

iary of Virginia, but the Court cannot be certain that he is not. A person's domicile is that place where the person has his true, fixed, and permanent home, and to which he or she has the intention of returning in the future although he or she may presently be absent from there. Domicile thus often turns on subjective intent. *Id.* The record does not provide the Court with sufficient facts to conclusively determine Ben–Yaacov's intent. Second, section 1391(d) by its terms applies to aliens. Ben–Yaacov states that he is a "dual citizen" of Israel and United States. Without passing upon whether Ben–Yaacov can hold dual nationality and thus be a citizen of Israel and the United States, section

1391(d) does not apply by its terms. A citizen of the United States cannot also be an alien. Nor is the Court willing to hold that a "citizen nondomiciliary" is an alien for purposes of section 1391(d). Such a determination by the Court would obfuscate the legal distinction between a citizen and an alien.

5. *Dauphin Corp. v. Redwall Corp.*, 201 F.Supp. 466, 470 (D.Del.1962), relied upon by plaintiffs is distinguishable because the individual defendants in *Dauphin* had incorporated defendant corporation in Delaware for the purpose of creating a vehicle and means by which to defraud plaintiffs.

Glassmeyer, and Kagle attention is now turned to section 1391(b)(3). That section reads a civil action may be brought in "a judicial district in which the defendant may be found if there is no district in which the action may otherwise be brought." The House Report that accompanied the passage of section 1391 states that "Subsection 3 is meant to cover the cases in which no substantial part of the events happened in the United States and in which all the defendants do not reside in the same state." H.R.Rep. No. 101–734, at 23 (1990). A cursory examination of the legislative history does indicate section 1391(b)(3) or (a)(3), for that matter, may not be invoked to establish venue, if a substantial part of the events did not occur in the United States. On the other hand, if one reads the entire 1391(b) subsection as a cohesive whole, the plain meaning of the statute leads to a different understanding of congressional intent.[6] Subsection (b)(3) is applicable only if subsection (b)(1) and (b)(2) are inapplicable. The House Report can best be understood as stating the negative of subsection (b)(1) and (a)(1), and (b)(2) and (a)(2), in illustrating when subsection (b)(3) and (a)(3) would be applicable. This is consistent with the House Report that accompanied the 1995 amendment to subsection 3. It emphasized that the purpose of subsection 3 "is to create a safety valve to ensure that venue requirements do not defeat the ability to bring suit in federal court if subject matter and personal jurisdiction are available." H.R.Rep. No. 104–181, 104th Cong., 1st Sess. (1995), U.S.Code Cong. & Admin.News 1995, p. 307. I hold that subsection (a)(3) is applicable only if subsection (a)(1) and (a)(2) do not apply. *See Doctor's Associates, Inc. v. Stuart,* 85 F.3d 975, 983 (2d Cir.1996).

■ Defendant PictureVision being incorporated in Delaware is found in Delaware for purposes of venue under § 1391(b)(3). I am of the opinion, subject to one caveat, that for purposes of section 1391(b)(3) if any defendant can be found in the Delaware District, venue is proper as to other defendants who, although not present in Delaware District, are subject to personal jurisdiction here. This is consistent with the plain meaning of section 1391(b)(3) which states in relevant part that a civil action may be brought "in a judicial district in which *any* defendant may be found...." (emphasis added). *See also,* Okaley, *Recent Statutory Changes in the Law of Federal Jurisdiction and Venue: The Judicial Improvements Acts of 1988, 1990 and 1991,* 24 U.C. Davis L.Rev. 735, 776.

There is a caveat however. Section 1391(b)(3) in order to be applicable requires that there be "no district in which the action may otherwise be brought." Case law is nonexistent as to the meaning of this clause. As a matter of first impression, I interpret this language to mean that section 1391(b)(3) may only be utilized if there is no other district which would have both personal jurisdiction and venue as to all defendants. This is consistent with judicial interpretation of analogous language in other venue provisions. The Supreme Court in *Hoffman v. Blaski,* 363 U.S. 335, 80 S.Ct. 1084, 4 L.Ed.2d 1254 (1960), interpreted an almost identical phrase in 28 U.S.C. § 1404(a), "that a district court may transfer an action to any other district or division where it might have been brought," to mean that the transferee court must be the proper venue, as well as have both subject matter and personal jurisdiction over the action. Similarly, the phrase "any district or division in which [the action] could have been brought" in 28 U.S.C. § 1406(a) has been construed to mean that the transferee forum must have proper venue and personal jurisdiction over the defendant. *See Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir.1993); *Harman v. Pauley,* 522 F.Supp. 1130, 1133 (S.D.W.Va.1981); 17

**6.** *See infra* pages 446–47.

Moore's Federal Practice ¶ 111.33[1] at 111.162.

■ As applied to this case, PictureVision is found in Delaware. Therefore, venue is proper as to the individual defendant directors, if there is no other district in which the action may otherwise have been brought. The issue then becomes whether there is another district which has both personal jurisdiction and venue over both PictureVision and the individual defendants. If there is, Delaware is not the proper venue; if there is not, Delaware is the proper venue. As discussed in subsection B, *infra,* this action could have been brought in the Eastern District of Virginia. That district has personal jurisdiction over all of the defendants, for the very same reason that this Court has determined that it has personal jurisdiction over the defendants. *See infra* pages 445–46. Virginia is also the proper venue as to all of the defendants, as a substantial part of the events occurred there. *See* 28 U.S.C. § 1391(b)(2). Since the entire case could have been brought in the Eastern District of Virginia, section 1391(b)(3) does not apply by its terms.

The Court holds that venue in Delaware is not proper as to defendants Garfinkle, Glassmeyer, Ben–Yaacov, and Kagle. When venue is improper, the Court has two options—dismissal or transfer. For the reasons stated below, the Court will transfer the case to the Eastern District of Virginia.

### B. Transfer to the Eastern District of Virginia

■ As alternative relief, defendants seek to transfer this action to the Eastern District of Virginia pursuant to either 28 U.S.C. § 1404(a) or § 1406(a). In their briefs both parties base their transfer arguments on 28 U.S.C. § 1404(a). Whether section 1404(a) or section 1406(a) governs is dependent upon whether there was proper venue in the district in which the plaintiff originally brought the action. When venue exists in the district in which the case was originally filed, section 1404(a) applies; when venue never existed in the district where the suit was filed, section 1406(a) governs. *See Van Dusen v. Barrack,* 376 U.S. 612, 634, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964) ("Although both sections were broadly designed to allow transfer instead of dismissal, section 1406(a) provides for transfer from forums in which venue is wrongly or improperly laid, whereas, in contrast, section 1404(a) operates on the premise that the plaintiff has properly exercised his venue privilege."); *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 878 (3d Cir.1995); *LaVay Corp. v. Dominion Federal Sav. & Loan Ass'n,* 830 F.2d 522, 526 (4th Cir.1987), *cert denied,* 484 U.S. 1065, 108 S.Ct. 1027, 98 L.Ed.2d 991 (1988). Since the Court has previously determined that venue is improper in the Delaware District, section 1406(a) governs this action.

Section 1406(a) states in relevant part:

(a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

When venue is improper in the court in which the case is brought, the court may transfer to another court with proper venue if (1) the proposed transferee court is one in which the action "could have been brought," and (2) transfer is "in the interest of justice." *Minnette v. Time Warner,* 997 F.2d 1023, 1026 (2d Cir.1993). The phrase in which it "could have been brought" has been construed to mean that the proposed transferee forum must have been one in which it would have been proper to file the action initially, that is, it would have had proper venue and personal jurisdiction over the defendant. *Minnette,* 997 F.2d at 1026; *Harman v. Pauley,* 522 F.Supp. 1130, 1133 (S.D.W.Va.1981); 17 Moore's Federal Practice ¶ 111.33[1] at 111.162. This meaning is the same as the

meaning attributed to the phrase "might have been brought" in section 1404(a). A federal court sitting in the Eastern District of Virginia may exercise personal jurisdiction over all of the defendants for the same reasons that this Court has personal jurisdiction over all of the defendants in the case. *See infra pages* 448–49. Venue is also proper as to all the defendants in Virginia under 28 U.S.C. § 1391(b)(2), as a significant part of the events giving rise to the claims occurred in Virginia.

Having determined this case could have been brought in the Eastern District of Virginia, there is left the question whether such a transfer would be in the interest of justice. The Supreme Court in *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466, 82 S.Ct. 913, 8 L.Ed.2d 39 (1962), stated that the enactment of section 1406(a) was intended to authorize the court to transfer instead of dismissing an action when venue is improper, and to "avoid ... the injustice which had often resulted to plaintiffs from dismissal of their actions merely because they had made an erroneous guess with regard to the existence of some elusive fact of the kind upon which venue provisions often turn." Courts have held a transfer not to be in the interest of justice for many reasons including if (1) a plaintiff brought an action in the wrong district for some improper purpose, *See In re Hall, Bayoutree Associates Ltd.*, 939 F.2d 802, 805–806 (9th Cir.1991); (2) to harass the defendant with litigation in a distant forum, *See King v. Russell*, 963 F.2d 1301, 1304 (9th Cir.1992); or (3) if "blatant forum shopping" led the plaintiff not to bring the action in a proper district in the first instance. *See Wood v. Santa Barbara Chamber of Commerce, Inc.*, 705 F.2d 1515, 1523 (9th Cir.1983), *cert. denied*, 465 U.S. 1081, 104 S.Ct. 1446, 79 L.Ed.2d 765 (1984). In the absence of any indication to the contrary and given that the Court found it necessary to interpret section 1391(b)(3) in a factual scenario not previously presented to any court, it cannot be said the plaintiffs acted with an improper purpose. In like vein, there is nothing in the record to indicate there was an attempt by plaintiffs to harass the defendants by bringing suit in the Delaware District instead of the Eastern District of Virginia. Finally, there is nothing in the record that points to the plaintiffs having engaged in blatant forum shopping. It follows this matter should be transferred to the Eastern District of Virginia.

### CONCLUSION

The Court having concluded venue is improper in Delaware and having determined that this action could have been brought in the Eastern District of Virginia, and that a transfer is in the interest of justice, it will enter an order transferring this matter to the Eastern District of Virginia, pursuant to 28 U.S.C. § 1406(a).