EQUIDYNE CORPORATION, Plaintiff,

v.

John DOES 1–21, a/k/a "NEWDIREC-TORSREQUIRED," "SANTOSO-TELO," "FPLNOBS10," "PBHCLAN," "CATMANZEKE," "WARTHOG2837," "PAINLES-SINNJ," "TSUKIJIKID1," "AES-CHYLUS_2000," "HEMAN8700," "MAJORFIXIT," "HLPONWAY,"

"LOUCARO," "SPESHULUST," "BIRD_OVO," "FALLON30," "SUN-STROKE," "PERSPICA-CIOUS12001," "PSEUDO-NYM022002," "PHARMGUY," and "FU_JRN," Defendants.

No. CIV.A.02–430–JJF.

United States District Court, D. Delaware.

Aug. 18, 2003.

---

Charles F. Richards, Jr., and Thad J. Bracegirdle Esquires of Richards, Layton & Finger, Wilmington, DE, for Plaintiff.

Bayard J. Snyder, Esquire of Snyder & Associates, P.A., Wilmington, DE, Of Counsel: H. Michael Denver, and Patricia J. Duffy, Esquires of Friedman, Denver & Merlin, LLC, Atlanta, GA, for Defendant, Henry Rhodes.

Norman M. Monhait, Eaquire of Rosenthal, Monhait, Gross & Goddess, Wilmington, DE, for Defendant, Doe No. 9, "Aeschylus_2000."

### MEMORANDUM OPINION

FARNAN, District Judge.

Presently before the Court is Defendant, Henry Rhodes' Motion to Dismiss (D.I.47). For the reasons discussed, the motion will be granted.

## I. Introduction

On May 16, 2002, the Plaintiff, Equidyne Corporation ("Equidyne") filed the instant action alleging claims against twenty-one anonymous Defendants, John Does 1–21, who made numerous postings to Internet message boards related to Equidyne. Specifically, Equidyne's Complaint alleges that by posting these various messages on message boards, the Defendants, either: 1) breached one or more contracts between Defendants and Equidyne; and/or 2) violated the provisions of the Securities Exchange Act of 1934 (the "Exchange Act"), and the rules and regulations promulgated thereunder, related to the solicitation of proxies and the misappropriation and dissemination of non-public information.

Due to the fact that the identity of the Defendants was unknown to Equidyne, it filed a Motion to Exempt Plaintiff From Compliance with the Meet and Confer Requirements of Fed.R.Civ.P. 26(d) and 26(f) for Limited Third Party Discovery, simultaneously with its Complaint. (D.I.2). By this motion, Equidyne requested leave to undertake limited discovery of Yahoo!, Inc. ("Yahoo") and Lycos in connection with the use of their websites. The Court heard argument on Equidyne's motion on June 4, 2002, and thereafter, granted the motion on June 5, 2002. (D.I.7). On June 12, 2002 Equidyne served a subpoena on Yahoo's registered Delaware agent seeking production of information concerning the defendants' identities. (D.I.9). A similar subpoena was served on Lycos in Massachusetts on June 12, 2002. (D.I.10).

On June 8, 2002, Defendant John Doe No. 9, a/k/a "Aeschylus_2000" ("Doe No. 9") filed a Motion to Quash the Third Party Subpoena issued to Yahoo by Equidyne to the extent that it requested information concerning his identity. (D.I.12). On November 1, 2002, the Court issued a Memorandum Order denying Doe No. 9's Motion to Quash. (D.I.42). Doe No. 9 filed a motion for reargument of the Court's decision on November 7, 2002 (D.I.44), which was denied in a Memorandum Order dated February 12, 2003 (D.I.49). On February 28, 2003, Doe No. 9 filed an appeal of the Court's denial of the Motion to Quash with the Third Circuit (D.I.52) which is currently pending. To date, Yahoo has refused to produce any information concerning the twenty-one Defendants pending resolution of Doe No. 9's appeal. (See D.I. 38. at ¶ 3).

On June 25, 2002, Lycos produced information in response to Equidyne's subpoena identifying the names and addresses of five Defendants, including Defendant Henry Rhodes, a/k/a/ "MajorFixIt." Thereafter, Equidyne served the Complaint upon Mr. Rhodes and the other Defendants identified by Lycos. On February 12, 2003, Mr. Rhodes filed the instant motion to dismiss (D.I.47).

## II. Facts

Equidyne is a Delaware corporation with its principal place of business located in San Diego, California. Equidyne, through its wholly owned subsidiary, Equidyne, Systems, Inc. ("Equidyne Systems") is engaged in the development, manufacture and sale of needle-free drug delivery systems. Common stock of Equidyne is traded publicly on the American Stock Exchange.

Defendant, Henry Rhodes is a former employee of Equidyne who from April 30, 1998 to approximately December 1999 was President of Dynamic Dental Systems, Inc., a wholly owned subsidiary of Equidyne. Mr. Rhodes is a resident of Atlanta, Georgia. According to the information produced by Lycos in response to Equidyne's subpoena, Mr. Rhodes posted at least four messages to the Yahoo and Lycos message boards under the pseudonym

"MajorFixIt" which dealt with an alternate slate of candidates for election to Equidyne's board of directors at the Company's annual meeting of stockholders on May 28, 2002. Mr. Rhodes posted these messages from his personal computer located in Atlanta, Georgia.

## III. Parties' Contentions

By his Motion, Mr. Rhodes contends that the Court lacks personal jurisdiction over him as required by Federal Rule of Civil Procedure 12(b)(2). ("Rule 12(b)(2)"). Mr. Rhodes contends that there is no jurisdiction over him pursuant to the Delaware long-arm statute because he does not: 1) reside in Delaware; 2) transact business in Delaware; 3) contract or supply services or things in Delaware; 4) have an interest in, use or possess real property or contract to insure or act as a surety in the Delaware, as required under 10 *Del. C.* § 3104(c) for specific jurisdiction. Further, Mr. Rhodes argues that there is no general jurisdiction over him under subsection (c)(4) of the long-arm statute because he does not regularly do or solicit business, engage in persistent course of conduct, or derive substantial revenue from services or things used or consumed in the State of Delaware. Additionally, Mr. Rhodes contends that Plaintiff has failed to plead securities fraud with particularity as required by Federal Rule of Civil Procedure 9(b) ("Rule 9(b)"). He also contends that because the federal claims should be dismissed, the state law claims should likewise be dismissed.

In response, Equidyne contends that its Complaint should not be dismissed as to Mr. Rhodes because it alleged that Mr. Rhodes and the other Defendants committed violations of sections 10(b) and 14(a) of the Securities Exchange Act of 1934 ("the 1934 Act"), and Section 27 of the 1934 Act confers personal jurisdiction over a defendant to a claim under the Act in any federal district court so long as the defendant has minimum contacts with the United States. *See* 15 U.S.C. § 78aa. Equidyne points out that Mr. Rhodes is a resident of Georgia, and therefore, has the requisite minimum contacts with the United States as required under the statute. Further, Equidyne contends that the Court may also assert pendent personal jurisdiction over Mr. Rhodes in connection with its state law claims because those claims arise out of the same common nucleus of operative facts as the federal claims.

Equidyne also contends that the claims against Mr. Rhodes should not be dismissed for improper venue because Mr. Rhodes has waived such a defense and alternatively argues that the Court is the proper venue for its claims. First, Equidyne points out that Section 27 of the 1934 Act provides broadly that claims under the 1934 Act may be brought in any district "wherein any act or transaction constituting the violation occurred" or "wherein the defendant is found or is an inhabitant or transacts business." 15 U.S.C. § 78aa. Equidyne contends that its claims against Mr. Rhodes arise from his use of the internet, specifically message boards, to communicate with Equidyne stockholders. While Equidyne acknowledges that federal courts in other districts have found that the posting of information on a website is insufficient by itself to support personal jurisdiction or venue in a district where the information is accessible and when the defendant has no other contacts with the forum, it contends that this situation is easily distinguishable because the message boards are interactive. Equidyne argues that the instant situation is more analogous to a situation where the mailing of allegedly false proxy materials to stockholders in a judicial district is sufficient to establish venue in that district for the pur-

pose of security claims arising from the proxy materials.

With regard to the pleading with particularity requirement of Rule 9(b) Equidyne argues that at the time it filed the Complaint it did not have Mr. Rhodes' identity. Further, Equidyne contends that the proper remedy for any alleged Rule 9(b) violation is for the Court to grant leave to amend the Complaint rather than dismiss the action.

By reply, Mr. Rhodes contends that the exercise of personal jurisdiction over him must comport with the Due Process Clause which requires minimum contacts with this forum. He contends that he does not have minimum contacts with Delaware, and therefore, personal jurisdiction over him would violate the Due Process Clause. Further, Mr. Rhodes argues that recent decisions addressing internet-related contacts hold that personal jurisdiction is not present absent contact with the forum state. Finally, Mr. Rhodes argues that venue in this district is not proper because he does not have a single contact with Delaware and because there is no basis for venue or jurisdiction based on a conspiracy theory.

## IV. Discussion

In order for a district court to hear a case, it must have personal jurisdiction over the defendant and be the appropriate venue to hear the case. *See FS Photo, Inc. v. PictureVision, Inc.,* 48 F.Supp.2d 442, 444 (D.Del.1999). Mr. Rhodes contends that the Court lacks personal jurisdiction over him and alternatively argues that venue is improper in this district.

### A. Personal Jurisdiction

Once a defendant has properly raised the jurisdictional defense, the plaintiff has the burden of establishing by a preponderance of the evidence that minimum con-

tacts have occurred. *Patterson v. F.B.I.,* 893 F.2d 595, 604 (3d Cir.1990), *cert. denied,* 498 U.S. 812, 111 S.Ct. 48, 112 L.Ed.2d 24 (1990). If the plaintiff is able to make out a prima facie case, the burden shifts to the defendant to "present a compelling case that the presence of some other consideration would render jurisdiction unreasonable." *Grand Entm't Group v. Star Media Sales,* 988 F.2d 476, 483 (3d Cir.1993). In the context of a motion to dismiss, the record must be viewed in a light most favorable to the non-moving party. *See Joint Stock Soc'y v. Heublein, Inc.,* 936 F.Supp. 177, 192 (D.Del.1996) (holding that the court must accept as true all well-pled facts).

Jurisdiction over alleged violations of the 1934 Act is governed by Section 27 of the Act. *See* 15 U.S.C. § 78aa. Section 78aa provides in pertinent part:

The District Courts of the United States ... shall have exclusive jurisdiction of violations of this title or the rules and regulations thereunder, and of all suits in equity and actions at law brought to enforce any liability or duty created by this title or the rules and regulations thereunder ... Any suit or action to enforce any liability or duty created by this title or rules and regulations thereunder, or to enjoin any violation of such title or rules and regulations, may be brought in any such district or in the district wherein the defendant is found or is an inhabitant or transacts business, and process in such cases may be served in any other district of which the defendant is an inhabitant or wherever the defendant may be found....

15 U.S.C. § 78aa. As clearly stated above, § 78aa provides for nationwide service of process. Thus, the Court has personal jurisdiction over Mr. Rhodes as long as he has minimum contacts with the United

States. *FS Photo,* 48 F.Supp.2d at 445. Additionally, Due Process concerns under the Fifth Amendment are satisfied if a federal statute provides for nationwide service of process in a federal question case. *See Max Daetwyler Corp. v. R. Meyer,* 762 F.2d 290, 295 (3d Cir.1985).

In the Court's view, Mr. Rhodes, an Atlanta, Georgia resident, has minimum contacts with the United States. Accordingly, the Court concludes that it has personal jurisdiction over him with respect to Equidyne's federal claims. The Court also has pendent personal jurisdiction over Mr. Rhodes for Equidyne's state law claims because they arise out of the same common nucleus of operative facts as the federal claims. *See FS Photo,* 48 F.Supp.2d at 445 (exercising personal jurisdiction over plaintiff's state law claims where Court had personal jurisdiction under the 1934 Act).

**B.  Venue**

Although the Court has personal jurisdiction over Mr. Rhodes, it must still determine whether the District of Delaware is the appropriate venue for this action. When venue is challenged, Plaintiff bears the burden of proving proper venue. *See Dinterman v. Nationwide Mut. Ins. Co.,* 26 F.Supp.2d 747, 749 (E.D.Pa.1998). As a threshold matter, the Court concludes that Mr. Rhodes has not waived the defense of improper venue because, although he does not assert such a defense in his motion to dismiss or Opening Brief, he addressed the defense of improper venue in his Reply Brief and at oral argument. *See, e.g., Miller v. Asensio,* 101 F.Supp.2d 395, 404 (D.S.C.2000) (finding that defendants who were sued for securities fraud did not waive their right to challenge venue, even though they did not specifically mention venue in their motion to dismiss or opening brief but addressed such a defense in their reply brief). After considering all of Mr. Rhodes' actions in presenting his arguments regarding venue at both the oral argument and in his Reply Brief, the Court cannot conclude that he has waived such a defense at this procedural juncture.

Two statutes govern the venue inquiry. The first is Section 27 of the 1934 Act. *See* 15 U.S.C. § 78aa. Section 27 of the 1934 Act provides in pertinent part, as follows: "[A] suit to enforce any liability under the [1934] Act may be brought either (1) in the district wherein the defendant is found or is an inhabitant or transacts business, or (2) in the district wherein any act or transaction constituting the violation occurred." 15 U.S.C. § 78aa. Therefore, for venue to be appropriate under the 1934 Act, Plaintiff must demonstrate that Mr. Rhodes is an inhabitant of Delaware, can be found in Delaware, transacts business in Delaware or that the act constituting the violation occurred in Delaware.

As an Atlanta, Georgia resident it is clear that Mr. Rhodes is not an inhabitant of Delaware. Further, the Court cannot glean any facts from the record before it to suggest that Mr. Rhodes can be found in Delaware or transacts business in Delaware. Therefore, the Court must determine whether the act or transaction constituting the violation occurred in Delaware. The parties raise several arguments on this issue. Plaintiff claims that because Mr. Rhodes' alternative slate of candidates for the board of directors was posted on an interactive message board which was accessible to residents of Delaware and targeted at Equidyne shareholders, venue in this district is proper. Plaintiff suggests that the instant situation is analogous to situations where courts have found proper venue under § 78aa when allegedly misleading proxy materials have been printed in or mailed to a judicial district. *See, e.g.,*

*Mitchell v. Texas Gulf Sulphur Co.*, 446 F.2d 90, 106 (10th Cir.1971) (holding that the transmission and publication of press releases in the district was sufficient to sustain venue); *In re Triton Ltd. Sec. Litigation*, 70 F.Supp.2d 678, 686–87 (E.D.Tex.1999) (finding venue proper because allegedly misleading press releases were sent into the district); *Carty v. Health–Chem Corp.*, 567 F.Supp. 1, 2 (E.D.Pa.1982) (finding venue proper because allegedly misleading annual and quarterly reports and a prospectus were sent into the district); *S–G Securities, Inc. v. Fuqua Investment Co.*, 466 F.Supp. 1114, 1121 (D.Mass.1978) (holding that the "transmission of press releases into the district and the publication thereof within this district through the Wall Street Journal and the Dow Jones broad tape" was sufficient to sustain venue); *Kogok v. Fields*, 448 F.Supp. 197, 199 (E.D.Pa.1978) (finding venue proper "based on the mailing of proxy statements, quarterly and annual reports and prospectuses" into the forum).

In reply, Mr. Rhodes contends that federal courts in other districts have held that the posting of information on an internet website is insufficient to support venue where the information is accessible in that district and when the defendant has no other contacts with the forum state. *See, e.g., Miller v. Asensio*, 101 F.Supp.2d 395, 405–406 (D.S.C.2000); *Bailey v. Turbine Design, Inc.*, 86 F.Supp.2d 790, 795 (W.D.Tenn.2000); *Brown v. Geha–Werke*, 69 F.Supp.2d 770, 777–78 (D.S.C.1999).

The Court recognizes that if posting information on a message board on the Internet was sufficient to permit venue in every district that the posting was read, then venue could be found in every jurisdiction where an individual has access to a personal computer and the internet. Additionally, the Act of 1934 provides for nationwide service of process, and therefore, allows for personal jurisdiction over a citizen of the United States. Thus, a defendant who is located in the United States " 'must look primarily to federal venue requirements for protection from onerous litigation' " *ESAB Group, Inc. v. Centricut, Inc.*, 126 F.3d 617, 627 (4th Cir.1997) (quoting *Hogue v. Milodon Eng'g, Inc.*, 736 F.2d 989, 991 (4th Cir.1984)).

■ Also, in analyzing internet-based contacts for purposes of venue and personal jurisdiction, the Court "must assess the nature and quality of [the] defendant's Internet activity." *Machulsky v. Hall*, 210 F.Supp.2d 531, 538 (D.N.J.2002) (citing *Barrett v. Catacombs Press*, 44 F.Supp.2d 717, 724 (E.D.Pa.1999)). When engaging in this analysis, the Court must be cognizant of the fact that "[a]t one end of the continuum are passive sites that merely post information that is available to anyone with access to the Internet; on the other end are highly interactive sites through which a corporation conducts business over the Internet." *S. Morantz, Inc. v. Hang & Shine Ultrasonics, Inc.*, 79 F.Supp.2d 537, 540 (E.D.Pa.1999) (citing *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119 1124 (E.D.Pa.1997)) (citation omitted). "The latter sites typically involve a high volume of deliberate exchanges of information through the site, including the formation of contracts." *Id.* (citation omitted). "In the middle are interactive Web sites where a user can exchange information with the host computer." *Id.* (citation and internal quotation marks omitted). "The exercise of personal jurisdiction in cases involving sites in this middle category hinges on the level of commercial information exchange that takes place on the web site." *Id.* (citation omitted).

■ The internet activity at issue here involves message boards where Mr. Rhodes allegedly posted information in-

cluding an alternate slate of candidates for election to the Equidyne Board of Directors. Plaintiff contends that the message board by its nature is fully interactive, and therefore, there are contacts or transactions in Delaware thereby rendering venue in this district proper. The Court disagrees with this argument. In analyzing the message board postings at issue on the sliding scale of interactivity, as described above, the Court finds that the message board falls in the middle ground of interactivity. Specifically, it is minimally interactive in the sense that, an individual who reads another's post can also post information in reply; this is somewhat similar to email exchanges but more instantaneous. However, the Court finds that this is not a highly interactive site where business is conducted or contracts are formed. In fact only small quantities of information are exchanged on message boards. Thus, although minimally interactive, the message board features are not enough to conclude that a "transaction" or act occurred in Delaware to justify venue in this district. *See, e.g., Accuweather, Inc. v. Total Weather, Inc.,* 223 F.Supp.2d 612, 615 (M.D.Pa.2002) (finding presence of a website on the internet and an email link was not sufficient to confer personal jurisdiction); *Morantz,* 79 F.Supp.2d at 540–41 (finding that toll free number and website on the internet where a lease application may be printed out, but not sent over the Internet; a form through which a user may order and pay for a $ 10 promotional video; a form through which a user may request additional information; and an link by which a user may send e-mail directly to the operator from the site was not sufficient contact to confer personal jurisdiction).

The Court recognizes that if there were evidence that Defendant Rhodes had specifically targeted residents of Delaware, then venue in this district might well be proper. However, although the Plaintiff contends that Mr. Rhodes' message board postings were aimed at residents of Delaware who are stockholders of Equidyne, there is no evidence to support this contention, such as the name and location of the Equidyne stockholders. *See Toys "R" Us, Inc. v. Step Two, S.A.,* 318 F.3d 446, 452 (3d Cir.2003) (stating that "[i]f a defendant web site operator intentionally targets the site to the forum state, and/or knowingly conducts business with forum state residents via the site, then the 'purposeful availment requirement is satisfied.' ")

To the extent that Plaintiff contends that venue may be based on the co-conspirator theory under 15 U.S.C. § 78aa, the Court is not persuaded. Under the co-conspirator theory of venue, "once venue has been established under § 78aa vis-a-vis one defendant, venue is proper with respect to the defendant co-conspirators." *FS Photo,* 48 F.Supp.2d at 445. The theory is only applicable where venue has been established over one conspirator by reason of an act or transaction performed by that person in furtherance of the conspiracy. *Id.* The Court concludes that Plaintiff has not established the presence of a conspiracy in this case, let alone an act in Delaware in furtherance of a conspiracy. Accordingly, the Court concludes that venue under 15 U.S.C. § 78aa cannot be supported, and therefore, is improper.

■ Lastly, the general venue statute, 28 U.S.C. § 1391, is also implicated as a possible basis for venue. However, the Court concludes that venue in this district is improper under 28 U.S.C. § 1391(b), the applicable general venue statute. First, all of the Defendants do not reside in Delaware (*e.g.,* Mr. Rhodes is a resident of Atlanta, Georgia). Therefore, it is irrelevant to this inquiry if some of the Defendants reside in Delaware. *See* 28 U.S.C.

§ 1391(b)(1). Second, as discussed in the previous section, Delaware is not a state where a substantial portion of the events giving rise to the claim occurred because the Court has found that posting to message boards on the internet is not sufficient to constitute an act or transaction in Delaware. *See* 28 U.S.C. § 1391(b)(2). Finally, there is no evidence or assertion before the Court to suggest that there is no other district where this action may be brought especially in light of the fact that Mr. Rhodes' counsel admitted that Mr. Rhodes may be sued in both Georgia and California. *See* 28 U.S.C. § 1391(b)(3); Tr. of Oral Arg. at 4, 10.

For these reasons, the Court concludes that this district is not the proper venue for action against Mr. Rhodes. Mr. Rhodes has not made an alternative motion to transfer, and therefore, the Court will dismiss this action as to Mr. Rhodes on the grounds of improper venue. Because the Court is granting the motion to dismiss on the grounds of improper venue, the Court will not address the contentions regarding the insufficiency of the Complaint under Rule 9(b).

An appropriate Order will be entered.

### *ORDER*

NOW THEREFORE, For The Reasons discussed in the Memorandum Opinion issued this date, IT IS HEREBY ORDERED this 18th day of August 2003, that Defendant, Henry Rhodes' Motion to Dismiss (D.I.47) is *GRANTED*.