**In re: DAIMLERCHRYSLER AG SECURITIES LITIGATION.**

**TRACINDA CORPORATION, a Nevada Corporation, Plaintiff,**

**v.**

**DAIMLERCHRYSLER AG, a Federal Republic of Germany corporation; Daimler–Benz AG, a Federal Republic of Germany corporation; Juergen Schrempp, a citizen of the Federal Republic of Germany; Manfred Gentz, a citizen of the Federal Republic of Germany; Hilmar Kopper, a citizen of the Federal Republic of Germany, Defendants.**

**Glickenhaus & Co., et al., Plaintiffs,**

**v.**

**Daimlerchrysler AG, et al., Defendants;**

Nos. CIV.A.00–993–JJF, CIV.A.00–994–JJF, CIV.A.01–004–JJF.

United States District Court, D. Delaware.

March 22, 2002.

Joseph A. Rosenthal, Esquire, and Carmella P. Keener, Esquire of Rosenthal, Monhait, Gross & Goddess, P.A., Wilmington, Delaware. Of Counsel: Lowey, Dannenberg, Bemporad & Selinger, P.C., White Plains, New York. Attorneys for Glickenhaus Plaintiffs.

A. Glichrist Sparks, III, Esquire, Alan J. Stone, Esquire, and Jessica Zeldin, Esquire of Morris, Nichols, Arsht & Tunnell, Wilmington, Delaware. Of Counsel: Terry Christensen, Esquire, James S. Schreier, Esquire, Steven J. Aaronoff, Esquire, and Eric P. Early, Esquire of Christensen, Miller, Fink, Jacobs, Glaser, Weil & Shapiro, LLP, Los Angeles, California. William

G. McGuinness, Esquire and Julie E. Kamps, Esquire of Fried, Frank, Harris, Shriver & Jacobson, New York, New York. Attorneys for Plaintiff Tracinda Corporation.

Jay W. Eisenhofer, Esquire, Abott A. Leban, Esquire, and Richard M. Donaldson, Esquire of Grant & Eisenhofer, P.A., Wilmington, Delaware. Of Counsel: Vincent R. Cappucci, Esquire and Catherine Torell, Esquire, Entwistle & Cappucci LLP, New York, New York. Jeffrey A. Klafter, Esquire and Stacy E. Osborne, Esquire of Bernstein Litowitz Berger & Grossmann LLP, New York, New York. Jeffrey W. Golan, Esquire and Samuel R. Simon, Esquire of Barrack Rodos & Bacine, Philadelphia, Pennsylvania. Attorneys for Co–Lead Plaintiffs, The Florida State Board of Administration, Municipal Employees Annuity and Benefit Fund of Chicago, Denver Employees Retirement Plan, Policemen's Annuity and Benefit Fund of Chicago, and Municipal Employees Annuity and Benefit Fund of Chicago.

Thomas J. Allingham II, Esquire, Robert S. Saunders, Esquire, Kenneth A. Polite, Jr., Esquire of Skadden, Arps, Slate, Meagher & Flom LLP, Wilmington, Delaware. Of Counsel: Jonathan J. Lerner, Esquire, J. Michael Schell, Esquire, Joseph N. Sacca, Esquire and Jacob E. Hollinger, Esquire of Skadden, Arps, Slate, Meagher & Flom LLP, New York, New York. Attorneys for Defendants Daimler-Chryler AG, Daimler–Benz AG, Jürgen Schrempp and Manfred Gentz.

Peter J. Walsh, Jr., Esquire of Potter Anderson & Corroon LLP, Wilmington, Delaware. Of Counsel: Milbank, Tweed, Hadley & McCloy LLP, New York, New York. Attorneys for Defendant Hilmar Kopper.

## *OPINION*

FARNAN, District Judge.

Pending before the Court is a Motion To Dismiss (D.I.52)[1] filed by Defendant Hilmar Kopper. By his Motion, Defendant Kopper seeks to dismiss (1) the Complaint in *Tracinda Corp. v. DaimlerChrysler AG et al.,* Civil Action No. 00–984–JJF (the "Tracinda Complaint"); (2) the Complaint in *Glickenhaus & Co., et al. v. Daimler-Chrysler AG, et al.,* Civil Action No. 01–004–JJF[2] (the "Glickenhaus Complaint"); and (3) the First Amended Consolidated Class Action Complaint in *In re Daimler-Chrysler Securities Litigation,* Master Docket No. 00–993–JJF (the "Amended Class Complaint") (collectively "the Complaints"), pursuant to Federal Rules of Civil Procedure 9(b), 12(b)(2), 12(b)(6), and Section 21D of the Securities Exchange Act of 1934. For the reasons set forth below, the Court will (1) grant Defendant Kopper's Motion as it applies to the Amended Class Complaint; (2) deny Defendant Kopper's Motion with leave to renew as it applies to the Glickenhaus Com-

---

1. Since the filing of Defendant Kopper's Motion To Dismiss, the three cases referenced by Defendant Kopper have been consolidated into Civil Action No. 00–993–JJF. Accordingly, the Docket Numbers referenced in this Opinion correspond to the docket items listed on the consolidated docket in Civil Action No. 00–993–JJF, unless otherwise indicated.

2. Initially, Defendant Kopper did not move to dismiss the Glickenhaus Complaint, because he had not been served with that Complaint.

(D.I. 53 at 1). However, the parties subsequently stipulated that (1) Defendant Kopper's Motion To Dismiss the claims asserted by Tracinda would be deemed a Motion To Dismiss the claims asserted by Glickenhaus, (2) Tracinda's answering brief to the Motion would be deemed to be the answering brief of Glickenhaus; and (3) Defendant Kopper's reply brief would be applicable to the Glickenhaus claims, as well. (D.I. 48, in Civil Action No. 01–004–JJF).

plaint; and (3) grant Defendant Kopper's Motion with respect to the civil conspiracy claim alleged in the Tracinda Complaint, and deny Defendant Kopper's Motion with leave to renew as it applies to the remaining claims of the Tracinda Complaint.

## BACKGROUND

The background relevant to this action is set forth fully in the Court's Opinion in *In re DaimlerChrysler AG Sec. Litig.*, Consolidated Civil Action No. 00–993–JJF dated March 22, 2002 (*"In re Daimler-Chrysler I"*). For purposes of the instant Motion, the Court provides the following additional background information.

By their Complaints, Plaintiffs allege that Defendant Kopper served as Chairman of the Supervisory Board of three entities, Daimler–Benz AG ("Daimler–Benz"), Deutsche Bank, and Daimler-Chrysler AG ("DaimlerChrysler"). At the time of the merger, Defendant Kopper was the Chair of the Daimler–Benz Supervisory Board, a position he had occupied since 1990. By the terms of Proxy/Prospectus, Defendant Kopper was to remain in this position for at least two years after the effective date of the merger.

In addition to his position at Daimler–Benz, Defendant Kopper was, and currently is, the Chair of the Supervisory Board of Deutsche Bank. Deutsche Bank was the largest shareholder of Daimler–Benz, and is now the largest shareholder of Daimler-Chrysler. In 1998 Deutsche Bank owned approximately 22% of Daimler–Benz. Currently, Deutsche Bank owns approximately 11.9% of DaimlerChrysler.

Since the merger, Defendant Kopper has also served as the Chair of the Supervisory Board of the combined entity that resulted from the merger, DaimlerChrysler. In this capacity, Defendant Kopper also sits on three committees of the Supervisory Board: (1) the Presidential Committee, (2) the Financial Audit Committee, and (3) the Mediation Committee.

By their Complaint, Plaintiffs allege that Defendant Kopper participated in the implementation of Daimler–Benz's fraudulent scheme to acquire Chrysler Corporation ("Chrysler"). Specifically, Plaintiffs contend that Defendant Kopper was instrumental in negotiating and structuring the merger and that Defendant Kopper was involved directly or indirectly in all of Daimler–Benz's material decisions regarding the merger. (Tracinda Cmplt. at ¶¶ 4, 16; Glickenhaus Cmplt. at ¶¶ 4, 16; Amended Class Cmplt. at ¶¶ 18, 27).

## DISCUSSION

By his Motion To Dismiss, Defendant Kopper raises three arguments. Specifically, Defendant Kopper contends that (1) Plaintiffs' Complaints should be dismissed for lack of personal jurisdiction; (2) the control person claims against Defendant Kopper should be dismissed for failure to allege the elements of control person liability and failure to plead with the requisite specificity; and (3) Plaintiff Tracinda Corporation's ("Tracinda") claim for civil conspiracy should be dismissed for failure to state a claim upon which relief may be granted. The Court will address each of Defendant Kopper's arguments in turn.

### I. Whether Plaintiffs' Complaints Should Be Dismissed For Lack Of Personal Jurisdiction

By his Motion, Defendant Kopper contends that Plaintiffs' Complaints fail to plead any grounds for asserting personal jurisdiction over him. Specifically, Defendant Kopper contends that he is not subject to jurisdiction under the federal se-

curities laws.[3] In addition, Defendant Kopper contends that he has not consented to the Court's jurisdiction. Accordingly, Defendant Kopper requests the Court to dismiss Plaintiffs' Complaints pursuant to Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction.

### A. Whether Defendant Kopper Has Consented To The Court's Jurisdiction

By his Motion, Defendant Kopper contends that he has not consented to jurisdiction in this litigation, because he was not a party to the Merger Agreement between Daimler–Benz and Chrysler, and he has not attempted to litigate the merits of this action in this Court. In response, Plaintiffs contend that Defendant Kopper has consented to the Court's jurisdiction and waived his objection to personal jurisdiction as a result of his counsel's June 7, 2000 letter to the Court responding to a letter from Tracinda's counsel urging the Court to schedule oral argument on the DaimlerChrysler Defendants' Motion For Consolidation.

■ The requirement of personal jurisdiction, like other individual rights, can be waived as a result of a party's actions. *Bel–Ray Company, Inc. v. Chemrite (Pty) Ltd.*, 181 F.3d 435 (3d Cir.1999) (quoting *Insurance Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 703, 102 S.Ct. 2099, 72 L.Ed.2d 492 (1982)). Generally, "where a party seeks affirmative relief from a court, it normally submits itself to the jurisdiction of the court with respect to the adjudication of claims arising from the same subject mat-

ter." *Bel–Ray*, 181 F.3d at 443. However, the mere participation in or filing of a motion does not necessarily amount to a waiver of the defense of lack of personal jurisdiction. *Marquest Medical Products, Inc. v. EMDE Corporation*, 496 F.Supp. 1242, 1245 (D.Colo.1980) (citing *Altman v. Liberty Equities Corp.*, 322 F.Supp. 377, 379 (S.D.N.Y.1971)). Nevertheless, to conserve judicial time and resources, the Court of Appeals for the Third Circuit has concluded that "preliminary matters such as ... personal jurisdiction ... should be raised and disposed of before the court considers the merits or quasi-merits of a controversy." *Bel–Ray*, 181 F.3d at 443 (quoting *Wyrough & Loser, Inc. v. Pelmor Labs., Inc.*, 376 F.2d 543, 547 (3d Cir. 1967)).

■ In this case, Defendant Kopper moved to dismiss this action for lack of personal jurisdiction in his first filing with the Court. However, Defendant Kopper's counsel subsequently filed a letter addressing the issue of consolidation that had been raised by Tracinda. By his letter, Defendant Kopper notified the Court that he opposed the proposed consolidation order submitted by Tracinda and Glickenhaus and supported the relief sought by his co-defendants. In closing, counsel for Defendant Kopper stated, "Thus, for the reasons set forth above as well as the reasons set forth in the DaimlerChrysler Defendants' motion papers, Mr. Kopper respectfully requests that the Court grant the relief sought by the DaimlerChrysler Defendants." (D.I. 73, Ex. B at 2).

Relying on the Third Circuit's decisions in *Bel–Ray* and *Wyrough*, Plaintiffs con-

---

**3.** Defendant Kopper also contends that he is not subject to jurisdiction under the Delaware long-arm statute, 10 Del. C. § 3104(c), with regard to Tracinda's civil conspiracy claim. However, in its Answering Brief, Tracinda relies on the doctrine of supplemental juris-

diction to support its argument that the Court's jurisdiction over Defendant Kopper should extend to its civil conspiracy claim. Accordingly, the Court will not address the Delaware long-arm statute in its analysis.

tend that Defendant Kopper waived his right to contest personal jurisdiction as a result of this letter, because he requested relief from the Court. The Court is not persuaded by Plaintiffs' argument and finds *Bel–Ray* and *Wyrough* to be distinguishable from this case. In *Bel–Ray*, the defendants timely raised their personal jurisdiction defense in their answer to the complaint, as required by the Federal Rules. However, the defendants filed a motion for summary judgment on their counterclaims before filing their affidavits in support of their personal jurisidiction defense. Thus, the defendants actively requested relief from the Court and litigated their counterclaims through full briefing prior to securing a determination on their personal jurisdiction defense. Similarly, in *Wyrough*, the defendant participated in preliminary injunction proceedings, cross-examined witnesses and presented evidence before it even raised its personal jurisdiction defense.

In this case, however, Defendant Kopper did not participate in briefing on any substantive issues in the case and merely voiced his opinion with respect to a procedural matter that Plaintiffs were pressing. Unlike the defendants in *Bel–Ray* and *Wyrough*, Defendant Kopper did not actively litigate the consolidation issue before the Court by filing motions or briefing. Indeed, Defendant Kopper did not even request his own relief, but rather, merely expressed the preference that the procedural relief sought by the other defendants be granted.

Further, because the consolidation motion was purely procedural, the Court did not touch on the merits or quasi-merits of the case before addressing the personal jurisdiction issue such that Defendant Kopper could be said to have submitted to the Court's jurisdiction. Moreover, Plaintiffs do not offer, and the Court has been unable to locate, any case law suggesting that this minimal amount of activity by a defendant in the context of a pressing procedural matter should be sufficient to constitute a waiver of a timely filed and actively pursued defense of lack of personal jurisdiction. *See e.g. Marquest*, 496 F.Supp. at 1245 (concluding that personal jurisdiction defense was waived where defendant waited six to ten weeks after complaint was served to object to jurisdiction and only objected after they had submitted to an order of the court by the parties' stipulation which restrained them from acting as requested by plaintiff and provided them with injunctive relief against other plaintiffs); *see also Drayton Enterprises, L.L.C. v. Dunker*, 142 F.Supp.2d 1177 (D.N.D.2001) (holding that defendant did not waive jurisdiction defense where he filed motion to dismiss for lack of personal jurisdiction after filing opposition briefing to preliminary injunction motion but before commencement of hearing, and defendant preserved defense in his papers); *Mallard v. Mallard*, 1992 WL 47998 (N.D.Ill.1992) (holding that no waiver resulted where defendant agreed to stipulated permanent injunction, but did not appear before the court to litigate the matter and only entered a special appearance to object to jurisdiction). Accordingly, in the circumstances of this case, the Court concludes that Defendant Kopper did not submit to the jurisdiction of this Court as a result of his June 7 letter, and therefore, the Court will proceed to the question of whether any additional grounds exist for exercising jurisdiction over Defendant Kopper.

B. *Whether the Court Has Jurisdiction Over Defendant Kopper Pursuant To The Federal Securities Laws*

■ The Court's jurisdiction over a federal securities action is governed by Section 27 of the Securities Exchange Act of

1934 (the "Exchange Act") and Section 22 of the Securities Act of 1933 (the "Securities Act"). Where, as here, claims are brought under both Acts, courts have applied the jurisdiction provisions of the Exchange Act, because they are less restrictive. *See e.g. Hilgeman v. Nat'l Ins. Co. of Am.*, 547 F.2d 298, 301 n. 7 (5th Cir.1977) (collecting cases); *Doll v. James Martin Assocs. (Holdings) Ltd.*, 600 F.Supp. 510, 516 n. 5 (E.D.Mich.1984). Both statutes, however, provide for national service of process, and both statutes are intended to extend personal jurisdiction to the full extent permitted by the Due Process Clause of the Fifth Amendment. *SEC v. Unifund SAL*, 910 F.2d 1028, 1033 (2d Cir.1990); *FS Photo, Inc. v. PictureVision, Inc.*, 48 F.Supp.2d 442, 445 (D.Del.1999); *SEC v. The Infinity Group Co.*, 27 F.Supp.2d 559, 563 (E.D.Pa.1998).

■ To satisfy the jurisdictional requirements of the Due Process Clause, two components must be established: (1) the defendant must have "minimum contacts" with the United States[4], and (2) the exercise of jurisdiction over the defendant must be "reasonable." *SEC v. Euro Security Fund, Coim SA*, 1999 WL 76801 (S.D.N.Y. Feb.17, 1999). Two types of jurisdiction are implicated in the minimum contacts analysis, specific jurisdiction and general jurisdiction. Specific jurisdiction exists when the defendant has purposefully directed his activities toward the forum, and the litigation arises out of or is related to the defendant's contacts with the forum. *Metropolitan Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567–568 (2d Cir. 1996) (quoting *Helicopteros Nacionales de Colombia v. Hall*, 466 U.S. 408, 414–416 & nn. 8–9, 104 S.Ct. 1868, 80 L.Ed.2d 404

(1984)). Stated another way, the defendant must have purposefully availed himself of the privilege of conducting activities within the forum such that the defendant should reasonably anticipate being haled into court as a result of his conduct and connection with the forum. *Cromer Finance Ltd. v. Berger*, 137 F.Supp.2d 452 (S.D.N.Y.2001) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985)).

■ In contrast, for general jurisdiction to exist, the litigation need not arise out of or be related to the defendant's contacts with the forum. Rather, general jurisdiction may exist if the defendant's general business contacts with the United States have been "continuous and systematic," even though they are unrelated to the lawsuit. *SEC v. Gonzalez de Castilla*, 2001 WL 940560, *3 n. 3 (S.D.N.Y. Aug.20, 2001) (citing *Helicopteros*, 466 U.S. at 416, 104 S.Ct. 1868).

■ Once it has been established that a defendant had sufficient minimum contacts with the forum, the Court must then determine whether it would be reasonable for the defendant to litigate in the forum. In considering the reasonableness of exercising jurisdiction over a defendant, courts weigh the following factors:

(1) the burden that the exercise of jurisdiction will impose on the defendant; (2) the interests of the forum state in adjudicating the case; (3) the plaintiff's interests in obtaining convenient and effective relief; (4) the interstate judicial system's interest in obtaining the most efficient resolution of the controversy; and (5) the shared interest of the states in furthering substantive social policies.

---

4. Because jurisdiction in this case is based on a statute that provides for nationwide service of process, the relevant minimum contacts inquiry focuses on the defendant's contacts with the United States as a whole, rather than with a particular state. *The Infinity Group Company*, 27 F.Supp.2d at 563 (citations omitted).

*Metropolitan Life Ins.,* 84 F.3d at 568 (citing *Asahi Metal Indus. Co. v. Superior Court,* 480 U.S. 102, 107, 107 S.Ct. 1026, 94 L.Ed.2d 92 (1987)).

On a motion to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), the plaintiff bears the burden of establishing that the court has jurisdiction over the defendant. *Metropolitan Life Ins.,* 84 F.3d at 566. Where, as here, there has been no discovery, a motion to dismiss may be denied where the plaintiff has averred legally sufficient allegations of jurisdiction. *Id.* If the court is not satisfied by a plaintiff's jurisdictional allegations, the court may allow the plaintiff to take jurisdictional discovery, if the plaintiff has made a colorable or prima facie showing of personal jurisdiction. *See e.g. Central States, S.E. & S.W. Areas Pension Fund v. Reimer Express World Corp.,* 230 F.3d 934, 946 (7th Cir.2000), *cert. denied,* 532 U.S. 943, 121 S.Ct. 1406, 149 L.Ed.2d 348 (2001); *In re Baan Co. Sec. Litig.,* 81 F.Supp.2d 75, 76–77 (D.D.C.2000); *Hansen v. Neumueller GmbH,* 163 F.R.D. 471, 475–476 (D.Del. 1995).

1. Whether Defendant Kopper has sufficient minimum contacts with the United States to satisfy due process

In response to Defendant Kopper's motion to dismiss under Rule 12(b)(2), Plaintiffs contend that Defendant Kopper's contacts with the United States are sufficient to establish either specific jurisdiction or general jurisdiction over Defendant Kopper. The Court will consider each of these jurisdictional grounds in turn.

a. Whether specific jurisdiction exists over Defendant Kopper

With regard to specific jurisdiction, Plaintiffs contend that Defendant Kopper is subject to the Court's jurisdiction be-cause he purposefully directed his activities at residents of the United States and the injuries alleged in this litigation arise out of or are related to those activities. Specifically, Plaintiffs allege that Defendant Kopper played an instrumental role in negotiating and structuring the merger at issue. Plaintiffs also allege that Defendant Kopper was involved in all of the material decisions regarding the merger, advised Mr. Schrempp how to structure the merger and conduct the negotiations, met with Mr. Schrempp and Mr. Eaton in Germany to review the terms of the merger before it was publicly announced, and participated in the preparation or dissemination of the false representations at issue in this litigation. (Tracinda Cmplt. at ¶¶ 16, 46, 49, 61, 69; Glickenhaus Cmplt. at ¶¶ 16, 50–53; 66–68; Class Cmplt. at ¶¶ 18, 138, 141, 153, 156, 169, 172). Plaintiffs also allege by affidavit that Defendant Kopper traveled to the United States for at least four meetings of the Supervisory Board or one of its committees subsequent to the merger.

After reviewing Plaintiffs' allegations as they relate to Defendant Kopper, the Court concludes that Plaintiffs' allegations raise a colorable showing of personal jurisdiction such that Plaintiffs should be permitted to conduct limited discovery on the question of personal jurisdiction. Defendant Kopper contends that Plaintiffs' allegations are insufficient, because he has not been alleged to have conducted any business or performed any acts in the United States related to the merger. However, whether Defendant Kopper performed acts in the United States is not the dispositive inquiry for purposes of establishing personal jurisdiction. A defendant may be subject to the Court's jurisdiction if he caused an effect in the forum by an act done elsewhere. *FDIC v. Milken,* 781 F.Supp. 226, 229 (S.D.N.Y.1991) (citing

*Leasco Data Processing Equip. Corp. v. Maxwell*, 468 F.2d 1326, 1340 (2d Cir. 1972)). As explained by the Court of Appeals for the Second Circuit, the exercise of jurisdiction over an individual may be appropriate where the individual has done an act outside of the forum that causes consequences in the forum, so long as the exercise of jurisdiction is not unreasonable. *Id.* In the international context, the Second Circuit has cautioned against applying this doctrine expansively. To this effect, the Second Circuit has stated that "the person sought to be charged under this ground for jurisdiction must know, or have good reason to know that his conduct will have effects in the state seeking to assert jurisdiction over him." *Id.*

 In this case, Defendant Kopper has been alleged to have been involved in the preparation and dissemination of false and misleading representations directed at shareholders in the United States in order to secure their approval for the merger. To this effect, Plaintiffs have alleged that Defendant Kopper was involved in the preparation and filing of a false and misleading registration with the SEC, the approval of other false and misleading documents disseminated to the shareholders like the Proxy/Prospectus, and the approval of the terms and structure of the merger which is alleged to have had an injurious impact on Plaintiffs. In the Court's view, these circumstances are comparable to the circumstances in which courts have exercised jurisdiction over defendants for their involvement in the preparation and dissemination of documents that they knew or should have known would be relied upon by investors in the United States, and thus, are sufficient to raise a colorable showing of personal jurisdiction. *See e.g. Itoba v. LEP Group PLC*, 930 F.Supp. 36 (D.Conn.1996); *Derensis v. Coopers &*

*Lybrand Chartered Accountants*, 930 F.Supp. 1003, 1014 (D.N.J.1996).

Defendant Kopper seeks to distinguish the cases relied upon by Plaintiffs on the grounds that they either involved individuals who actually signed and/or prepared the statements at issue or involved more substantial factual allegations establishing the individuals' involvement than those alleged by Plaintiffs. After reviewing these cases, the Court is not persuaded by Defendant Kopper's attempt to distinguish them. For example, Defendant Kopper contend that the defendant in *Landry v. Price Waterhouse Chartered Accountants*, 715 F.Supp. 98, 102 (S.D.N.Y.1989) actually signed the amended financial statements at issue making the exercise of jurisdiction over him appropriate. Defendant Kopper's argument misreads the basis for the court's exercise of jurisdiction in *Landry*. In *Landry*, the defendant was alleged to have signed the amended financial statements at issue. However, the court concluded that those documents were not relevant to the jurisdiction question, because they were not released until after the trading of the stock on the NASDAQ exchange was suspended. *Id.* (stating that "the amended financial statements should be removed from the scope of the jurisdictional inquiry"). Thus, the court in *Landry* based its jurisdictional analysis on the plaintiffs' allegations that the defendant was a "behind the scenes player" in the transaction and management of the company alleged to have acted fraudulently.

Similarly, in *Itoba*, the court concluded that it was appropriate to exercise jurisdiction over a defendant who approved the SEC filing giving rise to the plaintiffs' claims, even though that defendant was not actually present at the meeting in which those documents were approved. 930 F.Supp. at 41. Likewise, in *Derensis*, the court concluded that it was appropriate

to exercise jurisdiction over the defendants even though they were residents of Canada and conducted their related business activities in Canada, because the plaintiffs alleged that they were involved in approving and disseminating the financial statements at issue with the knowledge that they would affect the price of the stock on the United States' markets. 930 F.Supp. at 1014. Because the Court finds Plaintiffs' allegations in this case to be substantially similar to the allegations made by the plaintiffs in *Landry, Derensis* and *Itoba,* the Court concludes that it is appropriate to rely upon these cases to support the exercise of jurisdiction in this case.

 Further, Plaintiffs have alleged by affidavit that Defendant Kopper was present in the United States at several post-merger meetings of the DaimlerChrysler Supervisory Board and its committees. Defendant Kopper contends that these contacts are insufficient to confer jurisdiction, because they occurred subsequent to the merger. The Court agrees that post-transaction contacts may not be considered in determining whether specific jurisdiction exists. *See Farmers Ins. Exch. v. Portage La Prairie Mut. Ins. Co.,* 907 F.2d 911, 913 (9th Cir.1990) ("Only contacts occurring prior to the event causing the litigation may be considered."); *Surgical Laser Tech., Inc. v. Nev. City Hosp.,* 1991 WL 224609, *3 (E.D.Pa. Oct.23, 1991), aff'd, 970 F.2d 900 (3d Cir.1992) (refusing to consider post-transaction contacts between plaintiff and defendant in determining whether specific jurisdiction existed). However, in this case, Plaintiffs allegations of securities violations and fraud do not end with the culmination of the merger transaction. Rather, Plaintiffs contend that the scheme continued following the merger with the firing of certain key Chrysler executives. Accordingly, the Court cannot conclude at this juncture that

these contacts are irrelevant for purposes of establishing a colorable showing of personal jurisdiction over Defendant Kopper.

Although the Court has concluded that Plaintiffs' allegations are sufficient to establish a colorable or prima facie showing of personal jurisdiction over Defendant Kopper, the Court agrees with Defendant Kopper that both the allegations of the Complaints and the post-merger allegations in Plaintiffs' affidavit are not sufficiently particularized so as to clearly establish personal jurisdiction. For example, Plaintiffs have not adequately specified Defendant Kopper's alleged role in structuring and approving the merger or in preparing and disseminating the allegedly false and misleading documents at issue. Similarly, Plaintiffs have not connected Defendant Kopper's post-merger visits to the events giving rise to the litigation. Thus, while the Court has concluded that Plaintiffs' allegations are sufficient to raise a colorable showing of personal jurisdiction, the Court finds the allegations insufficient in and of themselves to establish specific jurisdiction without further factual development.

"When the plaintiff does not set forth in its complaint adequate grounds upon which the court may assert personal jurisdiction over the defendants, courts commonly permit the plaintiff to conduct limited discovery to determine whether the defendants have adequate contacts with the forum." *Sandvik AB v. Advent Internat'l Corp.,* 83 F.Supp.2d 442, 446 (D.Del. 1999). Indeed, the Third Circuit, as well as other circuit courts have not hesitated to reverse a dismissal for lack of personal jurisdiction where the plaintiff asserts non-frivolous claims and the court has declined to grant limited discovery. *Id.; Renner v. Lanard Toys Ltd.,* 33 F.3d 277, 283 (3d Cir.1994); *Wyatt v. Kaplan,* 686

F.2d 276, 283 (5th Cir.1982). Thus, the Court will permit Tracinda and Glickenhaus to conduct limited discovery for a period of ninety (90) days on the narrow issue of personal jurisdiction. However, the Court will not permit Class Plaintiffs to engage in this discovery for the reasons discussed in Section II of this Opinion. Accordingly, the Court will deny with leave to renew Defendant Kopper's Motion To Dismiss the Glickenhaus and Tracinda Complaints insofar as it is based upon the lack of personal jurisdiction.

### b. Whether general jurisdiction exists over Defendant Kopper

In response to Defendant Kopper's Motion To Dismiss, Plaintiffs also contend that Defendant Kopper has had continuous and systematic general business contacts with the United States sufficient for the Court to exercise general jurisdiction over him. In addition to his activities in the United States connected to Daimler–Benz and DaimlerChrysler discussed in the context of specific jurisdiction, Plaintiffs contend that Defendant Kopper has had additional extensive contacts with the United States as a result of his service to the Xerox Corporation ("Xerox"). According to Plaintiffs' affidavit, Defendant Kopper has served as a director of Xerox since 1991. Defendant Kopper is also a member of Xerox's Audit and Nominating Committees. Plaintiffs further contend that Defendant Kopper owns Xerox stock, was paid by Xerox for services he rendered, and signed Xerox annual reports and SEC filings. Plaintiffs also point out that Defendant Kopper has frequently traveled to the United States for speaking engagements, interviews and presentations.

In response to Plaintiffs' argument, Defendant Kopper contends that general jurisdiction does not apply to individuals. Rather, Defendant Kopper contends that general jurisdiction may only be used to obtain jurisdiction over corporations. In the alternative, Defendant Kopper contends that his contacts with Xerox and his trips to the United States are insufficient to constitute the continuous and substantial contacts necessary for the exercise of general jurisdiction.

Whether general jurisdiction applies to individuals is unclear. Indeed, the United States Supreme Court, and other courts, have expressed reservations as to whether general jurisdiction may extend to non-resident individuals. *Burnham v. Superior Court of California,* 495 U.S. 604, 610 n. 1, 110 S.Ct. 2105, 109 L.Ed.2d 631 (1990) (declining to address the issue in detail, but recognizing that "[i]t may be that [general jurisdiction] applies only to corporations ..."); *Hoechst Celanese Corp. v. Nylon Eng'g Resins, Inc.,* 896 F.Supp. 1190, 1193 n. 4 (M.D.Fla.1995) ("Nor is it clear that general jurisdiction can ever be held over a private, non-resident defendant."). Relying on *Dollar Savings Bank v. First Securities Bank of Utah, N.A.,* 746 F.2d 208, 214 (3d Cir.1984), Plaintiffs contend that the Third Circuit has concluded that "the status of the parties should not be determinative" and different jurisdictional rules should not exist for individuals and corporations. However, the *Dollar Savings* court was not squarely presented with the question of whether general jurisdiction applies to individuals, and the defendant in *Dollar Savings* was a corporation. Indeed, the Court has been hard pressed to locate any cases extending general jurisdiction to non-resident, foreign individuals. Further, the cases cited by Plaintiffs either involve a corporate defendant, *see Kenerson v. Stevenson,* 604 F.Supp. 792, 795 (D.Me.1985); *Metropolitan Life,* 84 F.3d at 564; a domestic individual, *see Brautigam v. Priest,* 2000 WL 291534 (D.Del. Mar. 2, 2000); or the exercise of specific jurisdiction, *see Mellon Bank*

*(East) PSFS, N.A. v. Farino,* 960 F.2d 1217, 1221 (3d Cir.1992); *Euro Sec. Fund,* 1999 WL 76801 at *2. On the other hand, neither Plaintiffs nor Defendant Kopper have offered sufficient analysis on the question of whether general jurisdiction applies to individuals.

■ Given the uncertainty in this area, the Court is reluctant to base its jurisdiction over Defendant Kopper solely on the grounds of general jurisdiction. However, even if the Court were to conclude that general jurisdiction could apply to Defendant Kopper, the Court would conclude, in the circumstances of this case, that Defendant Kopper's general business contacts with the United States are insufficient to satisfy the requirements of general jurisdiction.

The continuous and systematic business contacts required for the exercise of general jurisdiction are difficult to establish. *Surgical Laser Technologies v. C.R. Bard, Inc.,* 921 F.Supp. 281, 284 (E.D.Pa.1996). Indeed, the plaintiff must show "significantly more than minimum contacts to establish general jurisdiction." *Provident National Bank v. California Federal Savings & Loan Ass'n,* 819 F.2d 434, 436 (3d Cir.1987). Further, in this case, there is the added dimension of foreign policy concerns which requires the Court to exercise more caution in analyzing the contacts at issue. *See e.g. Asahi,* 480 U.S. at 114–115, 107 S.Ct. 1026 ("Great care and reserve should be exercised when extending our notions of personal jurisdiction into the international field.").

After reviewing the record as it relates to the exercise of general jurisdiction, the Court concludes that the types of contacts offered by Plaintiffs are insufficient to satisfy general jurisdiction. For example, Plaintiffs direct the Court to Defendant Kopper's ownership of Xerox stock. However, stock ownership has not been found

to be sufficient to support the exercise of personal jurisdiction. *Shaffer v. Heitner,* 433 U.S. 186, 216, 97 S.Ct. 2569, 53 L.Ed.2d 683 (1977) ("[I]t strains reason ... to suggest that anyone buying securities in a corporation formed in Delaware 'impliedly consents' to subject himself to Delaware's ... jurisdiction on any cause of action."). The cases offered by Plaintiffs to support their argument that stock ownership is the equivalent of property in the United States are not cases involving personal jurisdiction. Further, these cases were decided prior to the Supreme Court's decision in *Shaffer.*

Plaintiffs also direct the Court to Defendant Kopper's role as a director of Xerox and his trips and speaking engagements in the United States to support the exercise of general jurisdiction. However, many of Defendant Kopper's trips and speaking engagements in the United States have been made in connection with his appointment as Federal Commissioner for Foreign Direct Investments in Germany. In this capacity, Defendant Kopper is called upon to have business contacts with the United States on behalf of Germany. Given the governmental and foreign relations implications of Defendant Kopper's contacts with the United States, the Court cannot conclude that these contacts are sufficient to justify the exercise of general jurisdiction over Defendant Kopper.

Having concluded that Defendants' stock ownership and governmental contacts are an insufficient basis upon which to justify jurisdiction over Defendant Kopper, the Court is left with Defendant Kopper's service as a director of Xerox and his post-merger contacts with the United States related to DaimlerChrysler. In the Court's view, these contacts are insufficient to meet the markedly higher burden of establishing systematic and continuous contacts with the United States sufficient

to warrant the exercise of general jurisdiction. Accordingly, the Court concludes that even if general jurisdiction were to apply to a non-resident individual, Defendant Kopper's contacts with the United States are not the quantity or type of contacts sufficient to justify the exercise of general jurisdiction.

2. Whether the exercise of jurisdiction over Defendant Kopper comports with the reasonableness requirements of due process

Having concluded that Plaintiffs have been unable to satisfy the contacts component of general jurisdiction, the Court need not discuss the second prong of whether the exercise of jurisdiction over Defendant Kopper would be reasonable. As for the exercise of specific jurisdiction over Defendant Kopper, the Court will defer its determination of reasonableness until a more complete record is developed through the limited discovery on specific jurisdiction authorized by the Court in this Opinion.

C. Whether Tracinda's Control Person Allegations Are Sufficient To Independently Support The Exercise Of Personal Jurisdiction Over Defendant Kopper

█ In addition to its previous arguments concerning specific and general jurisdiction, Tracinda advances a third basis for jurisdiction. Tracinda contends that its control person allegations provide an additional independent basis for the exercise of jurisdiction over Defendant Kopper.

In response, Defendant Kopper contends that Tracinda's argument improperly merges two different inquiries, jurisdiction and liability. Because these concepts are governed by different sections of the securities statutes and jurisdiction must be adjudicated before liability, Defendant Kopper contends that Tracinda's control person claims cannot provide an independent basis for the exercise of personal jurisdiction.

The Court agrees with Defendant Kopper. Personal jurisdiction is an independent threshold consideration to the question of liability. The Court cannot adjudicate the question of liability without first establishing whether the Court has jurisdiction over the parties. Tracinda's argument, along with the cases it has cited in support of that argument, has been analyzed fully by the District Court for the District of Columbia in *In re Baan*, 81 F.Supp.2d at 79–82. Rejecting the plaintiff's argument that jurisdiction can be established by showing that the defendants controlled the corporation which engaged in the acts alleged to have violated the statute, the *Baan* court stated

> [T]hat theory goes too far. Under it, jurisdiction could be predicated on an act done anywhere in the world by a person who did not and could not have known that his act would affect the value of a security owned by someone in the United States.

81 F. Supp.2d at 79.

The *Baan* court went on to distinguish those cases cited by Tracinda, finding that in nearly each case jurisdiction was based on more than a showing that the defendant controlled the entity alleged to have violated the securities laws. *Id.* at 79–82. The Court agrees with the *Baan* court's analysis and declines to sidestep the time-honored and well-established due process analysis required for the exercise of personal jurisdiction. Accordingly, the Court declines to exercise jurisdiction over Defendant Kopper based solely on Tracinda's controlling person claims.

## II. Whether Plaintiffs' Control Person Liability Claims Against Defendant Kopper Should Be Dismissed

In this case, Tracinda, Glickenhaus and Class Plaintiffs allege controlling person claims against Defendant Kopper pursuant to Section 20 of the Exchange Act and Section 15 of the Securities Act. By his Motion To Dismiss, Defendant Kopper contends that (1) Plaintiffs have not alleged primary violations of the Exchange Act and the Securities Act; (2) Plaintiffs have not adequately alleged that Defendant Kopper was a control person; (3) under German law Defendant Kopper did not have the ability to control Daimler-Benz, DaimlerChrysler or Mr. Schrempp; (4) Plaintiffs have not adequately alleged that Defendant Kopper was a culpable participant in the alleged primary securities law violations; (5) Defendant Kopper cannot be liable for oral statements attributable to Mr. Schrempp; (6) Plaintiffs' control person claims should be dismissed as aiding and abetting conspiracy claims; and (7) Plaintiffs fail to set forth the basis for their allegations pled on information and belief.

 The elements of controlling persons claims under Section 20 of the Exchange Act and Section 15 of the Securities Act are identical. *See In re MobileMedia Sec. Litig.,* 28 F.Supp.2d 901, 940 (D.N.J.1998). To state a claim for control person liability, the plaintiff must allege (1) a primary violation of the federal securities laws by a controlled person; (2) control of the primary violator by the defendant; and (3) that the controlling person was in some meaningful way a culpable participant in the primary violation. *Reliance,* 91 F.Supp.2d at 731 (citing *Boguslavsky v. Kaplan,* 159 F.3d 715, 720 (2d Cir. 1998)).

Having concluded that limited discovery is appropriate on the question of personal jurisdiction, the Court declines, at this juncture, to address Defendant Kopper's remaining arguments, with the exception of his argument that Plaintiffs have failed to sufficiently allege primary violations of the securities laws so as to support a controlling person claim. The Court has previously addressed this issue in the context of its decision in *In re DaimlerChrysler I.* For purposes of the instant Motion, Defendant Kopper joins in and adopts the arguments raised by his co-defendants as they relate to the primary violations alleged by Plaintiffs. Accordingly, the Court is compelled to comment on Defendant Kopper's arguments to the extent that they address issues previously settled by the Court.

In its Opinion on the DaimlerChrysler Defendants' Motion To Dismiss, the Court concluded that Tracinda and Glickenhaus adequately alleged primary violations of the securities laws to support controlling person claims against Defendants Schrempp and Gentz. Accordingly, for the reason discussed in *In re DaimlerChrysler I,* the Court will deny Defendant Kopper's Motion To Dismiss the Tracinda and Glickenhaus Complaints based on a failure to adequately allege a primary violation of the securities laws.

With respect to Class Plaintiffs, the Court concluded in its previous Opinion that Class Plaintiffs' Amended Class Complaint suffered from certain deficiencies. Specifically, the Court concluded that Class Plaintiffs could not state a claim based on their allegations concerning the December 1999 press release, the 1999 Form 20–F, and channel stuffing. In addition, the Court concluded that the Class Plaintiffs' Amended Class Complaint was deficient because it failed to meet the requirements of the PSLRA for pleading allegations based on information and be-

lief. Because the Court has concluded that Class Plaintiffs have failed to adequately allege primary violations of the securities laws, the Court will grant Defendant Kopper's Motion To Dismiss the Amended Class Complaint for failure to adequately allege primary violations of the securities laws. In light of the Court's decision to dismiss the Amended Class Complaint, the Court declines to permit Class Plaintiffs to engage in the jurisdictional discovery contemplated in Part I of this Opinion.

### III. Whether Plaintiff Tracinda's Conspiracy To Defraud Claim Against Defendant Kopper Should Be Dismissed

By his Motion, Defendant Kopper also contends that Tracinda's claim for civil conspiracy should be dismissed for failure to state a claim. As with Defendant Kopper's previous argument, the Court has addressed the deficiencies in Tracinda's civil conspiracy claim in its previous decision in *In re Daimler Chrysler I*. Specifically, the Court concluded that Tracinda failed to adequately plead the required elements of a claim for civil conspiracy. Because these deficiencies apply with equal force to Tracinda's civil conspiracy claim against Defendant Kopper, the Court will grant Defendant Kopper's Motion To Dismiss Tracinda's claim for civil conspiracy.

### CONCLUSION

For the reasons discussed, the Court will (1) grant Defendant Kopper's Motion as it applies to the Amended Class Complaint; (2) deny Defendant Kopper's Motion with leave to renew as it applies to the Glickenhaus Complaint; and (3) grant Defendant Kopper's Motion with respect to the civil conspiracy claim alleged in the Tracinda Complaint, and deny Defendant Kopper's Motion with leave to renew as it applies to the remaining claims of the Tracinda Complaint.

An appropriate Order will be entered.

### *ORDER*

At Wilmington, this 22nd day of March 2002, for the reasons set forth in the Opinion issued this date;

IT IS HEREBY ORDERED THAT:

1. Defendant Kopper's Motion To Dismiss (D.I.52) the Amended Class Complaint is GRANTED.

2. Defendant Kopper's Motion To Dismiss (D.I.52) the Glickenhaus Complaint is DENIED with leave to renew.

3. Defendant Kopper's Motion To Dismiss (D.I.52) the civil conspiracy claim in the Tracinda Complaint is GRANTED, and Defendant Kopper's Motion To Dismiss the remaining claims of the Tracinda Complaint is DENIED with leave to renew.